**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

UNITED STATES OF AMERICA,     :
            :
v.            :
            :     CASE NO.: 1:13-CR-15-002 (WLS)
ALFRED BERNARD LEAKS,     :
            :
     Defendant.     :
            :

## ORDER

Presently pending before the Court is Defendant's Motion to Withdraw Plea (Doc. 335). For the following reasons, Defendant's Motion to Withdraw Plea (Doc. 335) is **DENIED.**

## BACKGROUND

On March 13, 2013, Defendant was indicted for one count of conspiracy to distribute cocaine in excess of five kilograms and cocaine base in excess of 280 grams and one count of possession with intent to distribute cocaine base. (Doc. 17.) On October 30, 2013, Defendant entered into a plea agreement with the Government whereby he would plead guilty to a lesser-included charge and be held responsible for at least 280 grams but less than 840 grams of cocaine base in exchange for the Government's agreement to decline to prosecute the charges in the Indictment and to decline to seek sentence enhancement. (Doc. 235.) After filing an objection to the presentence investigation report, Defendant filed a motion to continue sentencing so that his sentencing would take place after the sentencing of a co-defendant whose sentence, according to Defendant, affected the propriety of Defendant's sentence. (*See* Docs. 293, 312, 317.) After the Court ordered Defendant to explain whether he sought to withdraw his plea or invalidate the plea agreement, Defendant filed the instant Motion. (Docs. 317 & 335.) After receiving an extension to respond, the Government responded to Defendant's motion on April 4, 2013. (Docs. 340, 348, 373.) Because

fourteen days have passed and a reply has not yet been filed, the Motion is ripe for review.  M.D. Ga. L.R. 7.3.1.

## ANALYSIS

Defendant argues that he should be permitted to withdraw his guilty plea because (1) he does not and cannot know the quantity of drugs attributable to the conspiracy; and (2) "the PSI for the [ringleader] of the conspiracy . . . is being revisited and his sentence may be reduced."  (Doc. 335.)  Defendant asserts that he "repeatedly stated on the day he entered his plea, Defendant simply has no idea how much drugs was moved by the entire conspiracy, and he felt very odd about stipulating to this amount of drugs."  (*Id.* at 5.)  Defendant states that he "chose to accept the deal" because "the deal was, stipulate to this or go to trial."  (*Id.*)  Defendant argues that the ringleader's sentence is relevant "to Defendant's relevant conduct stipulation[] because it would be manifestly unfair for Defendant, who, at worst, was just a minor player in the entire matter, to wind up being punished for moving more drugs than those moved by [the ringleader]."  (*Id.* at 7.)  The Government argues that, in light of the plea colloquy with the Court, Defendant cannot meet his burden of demonstrating a fair and just reason for withdrawing his guilty plea.  (Doc. 373.)

After a court accepts a plea of guilty, a defendant may withdraw his guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  "In determining whether a defendant has met this burden, a district court 'may consider the totality of the circumstances surrounding the plea,' including '(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea.' "  *United States v. Perez-Hernandez*, 490 F. App'x 275, 277 (11th Cir. 2012) (citing *United States v. Buckles*, 843 F.2d 469, 471-72 (11th Cir. 1988)).  A plea is made knowingly and voluntarily if it was entered without coercion and with understanding of the nature of the charges and consequences of the plea.  *United States v. Fuenmayor-Arevalo*, 490 F. App'x 217, 227 (11th Cir. 2012).  Because courts "apply a

strong presumption that statements made under oath during a plea colloquy are truthful . . . the defendant bears a heavy burden to show a statement made under oath at a plea colloquy was false." *Id.* (citations omitted).

At the change of plea hearing on October 30, 2013, the Government summarized the plea agreement as contemplating the filing of a superseding information charging Defendant with conspiracy to possess with intent to distribute controlled substances, which is a lesser-included offense of Count One as charged in the original Indictment, and dismissing Counts One and Sixteen of the original Indictment. The Government also noted that the agreement would prohibit the Government from seeking a sentence enhancement and would include a relevant conduct stipulation. The Court informed Defendant that the purpose of the hearing was to ensure that he understood the charges against him, that he was under no obligation to plead guilty but could continue to plead not guilty, the consequences attendant to pleading guilty, and what the agreement meant, and to ensure that there was a sufficient legal and factual basis for a guilty plea. The plea agreement presented to the Court was an updated version of a previous agreement. Because Defendant had not had the opportunity to review the revised agreement and discuss it with his attorney, the Court took a recess for that purpose.

After the recess, Defendant expressed to the Court that he did not understand the conspiracy charge. Counsel for Defendant explained to the Court that Defendant was having difficulty understanding how he was part of a conspiracy because, as Defendant viewed his role, he was merely an independent drug dealer and user. The Court explained to Defendant that it was necessary for the Court to determine that Defendant understood the agreement, what was expected of him, and what he could expect in return. Defendant was reminded that he was under no obligation to enter into the agreement and could choose to have the case resolved by a jury. Defendant stated that he understood the agreement, that no other promises were made to him other than what was in the agreement, and that there was no attempt by any party to coerce him to enter into the agreement. The Court reviewed the Indictment and explained the elements of the charges that the Government would be required to prove beyond a

reasonable doubt in the event that Defendant chose to proceed to trial.  Defendant was also informed of the various rights he would enjoy if he were to proceed to trial.  The Government stated the factual basis for the charge, Counsel for Defendant agreed that the evidence stated by the Government could be presented at trial, and the Court found that a sufficient factual basis for the charge existed.  Further, Defendant stated that he entered his plea of guilty freely and voluntarily, was not coerced or threatened to do so, had not been promised anything not contained in the agreement or stated to the Court on the record, and was entering his plea of guilty because he believed that he was in fact guilty.  Defendant also acknowledged that he understood the charge against him and the elements that the Government would be required to prove beyond a reasonable doubt at trial, and stated that he did not have any questions about those issues.

First, the Court finds that the fact that Defendant had no way of knowing the total amount of drugs distributed as a result of the conspiracy is of no consequence to the validity of his plea.  Under Federal Rule of Criminal Procedure 11, the validity of a plea is dependent on whether the defendant entered into the plea agreement freely, understood the nature of the charge against him, and appreciated the potential penalties he faced and rights he was giving up by virtue of the plea of guilty.  *See United States v. Etienne*, 520 F. App'x 915, 919 (11th Cir. 2013) (citing *United States v. Hernandez-Fraire*, 208 F.3d 945, 949 (11th Cir. 2000)).  It is clear that in many cases a conspirator cannot have full and accurate knowledge of the amount of drugs associated with a particular conspiracy.  But knowledge to that extent is not necessary to be guilty of conspiracy, to be held accountable for a certain quantity of drugs, or to enter into a plea agreement or relevant conduct stipulation with the Government.  Thus, the Court finds that Defendant's first asserted basis for withdrawal of his plea is insufficient to permit Defendant to withdraw his plea.

Second, the Court finds that even if Defendant was correct in his assertion that it would be manifestly unfair for Defendant to be punished for more drugs than the

ringleader of the conspiracy, there is no possibility of such unfairness in this matter.[1] The ringleader of the conspiracy was held responsible for at least 2.8 kilograms but less than 8.4 kilograms of cocaine base.  (*See* Docket No. 1:13-CR-15-001.)  Clearly, based on the relevant conduct stipulation in this matter of at least 280 grams but less 840 grams of cocaine base, the Government cannot argue that Defendant should be held responsible for more cocaine base than the ringleader or present evidence of such.  Defendant clearly receives the benefit of his bargain with the Government.  As such, the Court finds that Defendant's second asserted basis for withdrawal of his plea is insufficient to permit Defendant to withdraw his plea.

For the reasons stated above, none of the arguments made in Defendant's Motion provide an adequate basis to permit Defendant to withdraw his plea.  As noted above, Defendant's understanding of the plea agreement was assisted by Counsel and a considerable amount of time was spent at the change of plea hearing to ensure that Defendant understood the plea agreement and his choice to continue to plead not guilty and to proceed to trial or change his plea to guilty pursuant to his agreement with the Government, and that Defendant was voluntarily pleading guilty.  Defendant has not asserted that he was untruthful about his stated understanding of the plea agreement, the charge, or his rights during the plea colloquy.  Because the record is clear in this matter, Defendant has not met his burden of demonstrating that he was untruthful during the plea colloquy, and none of the arguments raised in the Motion to Withdraw Plea are meritorious, the Court finds that a hearing is not necessary to dispose of this Motion.

---

[1] The Court notes that Defendant has not demonstrated that holding him responsible for more drugs than the ringleader of the conspiracy would be manifestly unfair.  Such an assertion presupposes that the only evidence that could be offered at trial would be the facts stated in the plea agreement and by the Government at the change of plea hearing.

## <u>CONCLUSION</u>

For the reasons stated above, Defendant's Motion to Withdraw Plea (Doc. 335) is **DENIED.**

**SO ORDERED**, this  21st  day of May 2014.


/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**